**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CARLOS APPLEBY,** | § | |
| **Plaintiff;** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:17-CV-673** |
| | § | |
| **HOME DEPOT U.S.A., INC. D/B/A** | § | |
| **HOME DEPOT** | § | |
| **Defendant.** | § | |

**DEFENDANT HOME DEPOT U.S.A., INC.'S
NOTICE OF REMOVAL AND BRIEF IN SUPPORT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Defendant **HOME DEPOT U.S.A., INC. D/B/A HOME DEPOT** ("Home Depot"), and files this Notice of Removal under 28 U.S.C. §§ 1332 and Brief in Support:

**I.
STATEMENT OF GROUNDS FOR REMOVAL**

1.      Plaintiff filed this lawsuit in the 193rd Judicial District Court, Dallas County, Texas, in Cause No. DC-17-01396 styled *"Carlos Appleby v. Home Depot U.S.A., Inc. d/b/a Home Depot."* A true and correct copy of the Original Petition is attached as Exhibit "A-2."

2.      Plaintiff sued Home Depot alleging negligence arising out of a workplace injury suffered by Plaintiff while employed by Home Depot.

3.      Home Depot was served on February 8, 2017, and files this Removal within 30 days after the receipt of the Original Petition, as required by 28 U.S.C. 1446(b)(1). Prior to removal, Home Depot filed its Answer on February 28, 2017, in the state court action, a true and correct copy of which is attached hereto as Exhibit "A-6."

4.     The state court action is one over which this Court has original jurisdiction under the provisions of 28 USC § 1332 and may be removed to this Court pursuant 28 USC § 1332 because there is complete diversity between the parties. 28 USC § 1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006). Additionally, the amount in controversy exceeds $75,000, excluding interest and costs. 28 USC § 1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006).  While the amount in controversy is not set out in Plaintiff's Original Petition, Plaintiff checked the box "$200,000 to $1,000,000" for damages on the Civil Case Information Sheet filed in the State Court. *See* Ex. A-5.

5.     Home Depot denies Plaintiff's claims.

6.     As required by 28 U.S.C. § 1446(a), true and correct copies of the following documents are being filed with this Notice of Removal and are incorporated herein at length:

| Exhibit: | Description of Exhibit: |
|---|---|
| **Exhibit "A"** | **Index of Pleadings;** |
| **Exhibit "A-1"** | **State Court Docket Sheet;** |
| **Exhibit "A-2"** | **Plaintiff's Original Petition;** |
| **Exhibit "A-3"** | **Citation for Defendant Home Depot U.S.A., Inc.;** |
| **Exhibit "A-4"** | **Return of Service for Defendant Home Depot U.S.A., Inc.;** |
| **Exhibit "A-5"** | **Civil Case Information Sheet;** |
| **Exhibit "A-6"** | **Defendant Home Depot U.S.A., Inc.'s Original Answer;** |
| **Exhibit "A-7"** | **193rd Judicial District Court's Standing Scheduling Order;** |
| **Exhibit "A-8"** | **Standing Order in Limine;** |
| **Exhibit "A-9"** | **193rd Civil District Court's Mediation Order;** |
| **Exhibit "A-10"** | **Notice of Filing of Notice of Removal** |

(to be filed after this Notice of Removal is filed); and

Exhibit "B"           Notice of Parkland Health & Hospital System Lien

## II.
## DIVERSITY OF CITIZENSHIP

7.      Plaintiff is an individual residing in and a citizen of Jacksonville, Duval County, Florida.  Ex. "A-2," Petition ¶ 2.

8.      Defendant Home Depot is a foreign corporation[1] with its principal place of business in Fulton County, Georgia and is a citizen of the State of Georgia.[2]

9.      Plaintiff is a citizen of Florida; Home Depot is a citizen of Georgia.  Thus, complete diversity of citizenship exists among the parties.[3] Removal is proper. 28 USC §1332(a).

## III.
## AMOUNT IN CONTROVERSY

10.     Home Depot would show that the Court has diversity jurisdiction over this matter as there is complete diversity of citizenship between the parties and the monetary relief sought by Plaintiff exceeds the minimum jurisdictional amount of $75,000. Ex. A-2, ¶2-3; Ex. A-5.

11.     While Plaintiff fails to allege a specific amount in controversy in his Original Petition, in his Civil Case Information Sheet, Plaintiff alleges $200,000 to $1,000,000 in damages.  *See* Ex. A-5. At least one court has held that a civil cover sheet can qualify as an "other paper" for purpose of the removal statute.  *See Paros Props. LLC v. Colorado Cas. Ins.*, ____ F.3d ____ (10th Cir. 2016) (no. 15-1369; 8-29-16).  *See also*, *Rogers v. Wal-Mart Stores*,

---

[1] Ex. "A-2," Petition ¶ 3.

[2] Defendant is incorporated in Delaware, with its principal place of business in Atlanta, Georgia.

[3] *See* FN 1 and 2, *supra*.

---

230 F.3d 868, 871 (6th Cir. 2000) (removal proper when Defendant submitted other evidence that Plaintiff claimed higher damages in earlier suit for same injuries).

12.     Additionally, the amount in controversy is established by the Petition and other documents.  For instance, Plaintiff asserts that he seeks the following categories of damages: physical pain and suffering, anguish and physical impairment that will continue for the balance of his "natural life," permanent scarring and disfigurement, past and future medical expenses, past and future lost wages. Ex. A-2, Petition ¶¶ 23 – 25.

13.     In support of Home Depot's allegation that Plaintiff seeks an amount in controversy in excess of $75,000 are several facts at play in the instant case. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999) (even though complaint did not state specific amount, it was evident that damages were over jurisdictional amount when complaint sought recovery for property damage, travel expenses, medical bills, pain and suffering, and humiliation). As such, Home Depot may rely on an estimation of damages calculated from Plaintiff's allegations in his Original Petition.

14.     First, there is a lien in the amount of $49,046.64, which represents only one component of Plaintiff's damages set out in his Original Petition – past medical expenses. A true and correct copy of the letter setting out the amount of this lien is attached hereto as Ex. B. The bulk of the lien amount for Plaintiff's medical expenses (over $39,000) was for treatment he incurred over a period of only six (6) days. Even more compelling is that this treatment occurred approximately seventeen (17) months ago and does not account for any medical treatment since that time. Further, the amount of the lien could conceivably be greater, as language in the letter provides "The amount listed above may or may not be the total balance due. Please contact our office to request the final lien amount." *Id.*

15.     Additionally, Plaintiff describes his injury in his Original Petition as follows: "his legs got caught between the pallet jacks of the forklift, and he was violently pushed against the wall. The force of the impact tore open his shoes and crushed his feet." See Ex. A-2 at ¶ 11. Due to the seriousness of the injury at issue, this matter warrants removal to this Court.

16.     The amount of medical expenses Plaintiff incurred over just six (6) days of treatment, the severity of Plaintiff's injury as described in his Original Petition filed in the state court proceeding, and the fact that Plaintiff listed damages between $200,000 and $1,000,000 on his Civil Case Information Sheet show by a preponderance of the evidence that although Plaintiff attempted to evade removal by failing to specifically state an amount in controversy in his Original Petition, this matter is proper for removal as the amount in controversy does exceed $75,000.

## II.
## PROCEDURAL REQUIREMENTS FOR REMOVAL

17.     Pursuant to 28 U.S.C. §§ 1441 and 1446, this Notice of Removal is timely, it being filed no more than thirty (30) days after service.

18.     The United States District Court for the Northern District of Texas encompasses Dallas County, the county in which the State Court Proceeding is now pending. Therefore, venue in this Court is proper pursuant to 28 U.S.C. § 1441(a).

19.     There are no other proper defendants to this action.

20.     In accordance with 28 U.S.C. § 1446(a), filed herewith as Exhibits "A-1 through A-9" are copies of all process and pleadings from the state court proceedings.

21.     Promptly after notice of this removal is filed, written notice hereof will be given to Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of Court for the 193rd Judicial District Court of Dallas County, Texas, to effect the removal of the civil action to

this Honorable Court as provided by law. The Notice of Filing of Notice of Removal to be filed in the State Court Proceeding is attached hereto as Exhibit "A-10."

22.     Home Depot specifically reserves the right to amend or supplement this Notice of Removal.

23.     By virtue of this removal, Defendant does not waive its rights to assert any jurisdictional defenses or other defenses or motions, including motions pursuant to Rules 9 and 12 of the Federal Rules of Civil Procedure.

### III.
### JURY DEMAND

24.     Plaintiff demanded a jury in the state court action; therefore, it is not necessary for either party to make another request in accordance with the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant HOME DEPOT U.S.A., INC. prays the Court remove the case styled "*Carlos Appleby v. Home Depot U.S.A., Inc. d/b/a Home Depot*" bearing Cause No. DC-17-01396, pending in the 193rd Judicial District Court of Dallas County, Texas, to the United States District Court, Northern District of Texas, Dallas Division, and for such other and further relief to which it is entitled.

Respectfully Submitted,

MULLIN HOARD & BROWN, L.L.P.
Chad L. Farrar, SBN 00793716
C. Brett Stecklein, SBN 00794688
Katie P. Harrison, SBN 24062767
2515 McKinney Ave., Suite 900
Dallas, Texas 75201
Telephone:     (214) 754-0040
Facsimile:     (214) 754-0043


_____/s/ Chad L. Farrar_____
By: Chad L. Farrar

AND

MULLIN HOARD & BROWN, L.L.P.
M. Andrew Stewart, SBN 24037554
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone:     (806) 765-7491
Facsimile:     (806) 765-0553

***Attorneys for Defendant Home Depot U.S.A., Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 8th day of March, 2017, a true and correct copy of the foregoing was served by certified mail, return receipt requested, addressed to:

Wesley H. M. Gould
ROCHELLE MCCULLOUGH, LLP
325 N. Saint Paul Street, Suite 4500
Dallas, Texas  75201
***Attorneys for Plaintiff***


                        /s/ Chad L. Farrar
Chad L. Farrar