FILED
DALLAS COUNTY
2/3/2017 3:01:50 PM
FELICIA PITRE
DISTRICT CLERK

David Hernandez

DC-17-01396

CAUSE NO. _____

| | | |
|---|---|---|
| **CARLOS APPLEBY** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT,** | § | |
| | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE:

NOW COMES Carlos Appleby ("Mr. Appleby" and "Plaintiff"), in the above-numbered and styled cause, complaining of Defendant Home Depot U.S.A., Inc. d/b/a Home Depot ("Home Depot"), and files this their Original Petition and Request for Disclosure, and for cause of action would respectfully show the Court as follows:

### I.   INTRODUCTION

1.     Plaintiff brings this action as an employee to recover for the damages he sustained as a direct and proximate result of Home Depot's failure to use ordinary care to protect him from dangers which Home Depot knew, or should have known, existed at the time of his injury.

### II.   PARTIES

2.     Plaintiff Carlos Appleby is a resident of Jacksonville, Duval County, Florida.

3.     Defendant Home Depot U.S.A., Inc. d/b/a Home Depot is a foreign business corporation duly authorized to do business in the State of Texas, and may be served with process by and through its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

EXHIBIT "A-2"

### III.     VENUE AND JURISDICTION

4.      Venue is proper in Dallas County, Texas in that the events giving rise to this cause of action and claims in this lawsuit occurred in Dallas County, Texas.

5.      Jurisdiction is proper in that the damages sought well exceed the minimum jurisdictional limits of the Court.

### IV.     DISCOVERY

6.      Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure pending the submission of an Agreed Scheduling Order between the parties and approval and entry of the Order by the Court.

### V.     FACTS

7.      On September 25, 2015, Mr. Appleby worked in the overnight freight department at Home Depot Store #0555 ("Store #0555"). His responsibilities included unloading freight trucks and stocking shelves with inventory. At the time of his injury, he had been employed at Store #0555 for approximately five months.

8.      Mr. Appleby worked with other Home Depot employees hurriedly to unload the freight trucks that night. Some of these employees operated forklifts to unload pallets of inventory and stock shelves at Store #0555.

9.      Mr. Appleby did not operate a forklift during his employment at Home Depot Store #0555.

10.      At the end of his shift around 6:00am on September 25, 2015, Mr. Appleby was working in the back stock area of the Store #0555. He was returning an empty manual pallet to the area for storage. Simultaneously, a Home Depot employee was operating a forklift in the

same vicinity. Suddenly, the forklift driver, Tony, turned toward Mr. Appleby. Mr. Appleby made eye contact with the forklift driver, but the forklift driver ignored him.

11.     Mr. Appleby took evasive action to avoid being run over by the forklift driver, but his legs got caught between the pallet jacks of the forklift, and he was violently pushed against the wall. The force of the impact tore open his shoes and crushed his feet.

12.     Mr. Appleby was immediately transported to Parkland Hospital. Imaging revealed several breaks in his left foot and chipped bone in his right foot.  Due to the serious nature of his injuries, he underwent immediate surgical repair. Mr. Appleby had four pins surgically implanted in his left foot. Mr. Appleby was off his feet for almost 12 weeks. He underwent extensive physical therapy to recover from his injury.

13.     Mr. Appleby has subsequently not regained the full use of his left foot; he has lost flexibility, stability, and usage of the left foot as documented by medical professionals.

14.     Additionally, at all times relevant to the incident made the basis of this lawsuit, Home Depot was a non-subscriber to the Texas Workers Compensation Program.

## VI.     CAUSES OF ACTION

### COUNT 1: NEGLIGENCE

15.     Plaintiffs adopts and incorporates each and every allegation of the aforementioned paragraphs as if set forth herein verbatim.

16.     The incident made the basis of this lawsuit and Plaintiff's resulting injuries and damages were proximately caused by the negligent conduct of Home Depot in one or more of the following respects:

    a)     In failing to provide and maintain a place of employment that was reasonably safe and healthful for Carlos Appleby;

b)     In failing to train employees to perform inherently dangerous and hazardous tasks, such as operating a forklift;

c)     In failing to train its employees to perform evasion maneuvers in an effort to avoid the collision complained of;

d)     In failing to train its employees how to keep a proper distance between other workers in the loading area as a person using ordinary prudent care would have done;

e)     In failing to train employees how to operate the forklift at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

f)     In failing to use ordinary care to supervise forklift operators, especially when engaged in an occupation which could be hazardous to life and limb and required skill or experience;

g)     In employing untrained and/or un-experienced employees to perform  inherently dangerous and hazardous tasks, such as operating a forklift;

h)     In failing to install, maintain, and use methods, processes, devices, and safeguards that were reasonably necessary to protect the life, health, and safety of Carlos Appleby;

i)     In failing to provide employees with safety instructions and/or safety meetings;

j)     In failing to post safety rules and regulations so as to be reasonably conspicuous to Carlos Appleby;

k)     In failing to inform and/or warn employees of the potential dangers in performing dangerous and hazardous duties;

l)     By entrusting a forklift to an employee who they knew was not properly trained to operate the forklift;

m)     By entrusting the forklift to an employee who they knew operated the forklift in an unsafe manner.

17.     The lack of training and supervision on the part of Home Depot exposed Carlos Appleby to an unnecessary and unreasonable risk of harm which foreseeably lead to him being physically harmed by a forklift.

18.     Each of these foregoing acts and omissions, whether taken singularly or in combination, constituted negligence on behalf of Home Depot which was the proximate cause of the incident made the basis of this lawsuit and the subsequent injuries and damages sustained by Plaintiff.

## COUNT 2: VICARIOUS LIABILITY

19.     Plaintiff adopts and incorporates each and every allegation of the aforementioned paragraphs as if set forth herein verbatim and alleges that Home Depot are vicariously liable for the negligent conduct of their employee, which proximately caused the incident made the basis of this lawsuit and the resulting injuries and damages of the Plaintiff.

20.     At all times precedent, upon information and belief, the forklift driver under the employ of Home Depot and was authorized by his employer to maintain and operate the forklift.

21.     At the time of the incident made the basis of this lawsuit, the forklift driver was driving his employer's forklift in the performance of his job and was acting within the scope of his employer's business.

22.     Under the theory of respondeat superior, Defendant Home Depot is therefore liable for the damages suffered by Plaintiff as a result of the negligence of their employee.

## VII.   DAMAGES

23.     As a direct and proximate cause of Home Depot's negligence, Carlos Appleby sustained severe bodily injuries which included, but are not limited to, a broken foot. Some of the injuries sustained by Mr. Appleby are permanent in nature. The injuries mentioned have had an adverse effect on Mr. Appleby's health and wellbeing, and as a further result of the nature and consequences of her injuries, Mr. Appleby has suffered physical pain and suffering, anguish and physical impairment and in all reasonable probability will continue to suffer in this manner into

the future, if not for the balance of her natural life. Mr. Appleby has also suffered permanent scarring and disfigurement.

24.     Carlos Appleby has also incurred past medical expenses which exceed the minimum jurisdictional limits of the court and in all likelihood, will continue to incur future medical expenses as a result of her injuries.

25.     Carlos Appleby has also incurred past lost wages and will incur future lost wages due to the injuries he suffered in this incident.

## VIII.   JURY DEMAND

26.     Plaintiff hereby demands a trial by jury.

## IX.     REQUEST FOR DISCLOSURE

27.     Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## X.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant Home Depot U.S.A., Inc. d/b/a Home Depot be cited to appear and answer herein, and upon final hearing, Plaintiff have and recover from Home Depot U.S.A., Inc. d/b/a Home Depot compensation for past and future medical expenses, past and future pain and suffering, past and future emotional distress and mental anguish, past and future impairment and disfigurement, lost wages in the past and future, diminished earning capacity in the future, punitive damages, costs of court, pre-judgment and post-judgment interest in the highest lawful rate, and any further relief both at law and in equity to which Plaintiff may be justly entitled.

Respectfully Submitted,

ROCHELLE MCCULLOUGH, L.L.P.

By: */s/ Wesley H. M. Gould*⎯⎯⎯⎯⎯
    Wesley H. M. Gould
    State Bar No. 24095214
    wgould@romclawyers.com
    Gregory H. Bevel
    State Bar No. 02275800
    greg.bevel@romclawyers.com
    325 N. Saint Paul Street, Suite 4500
    Dallas, Texas 75201
    (214) 953-0182 Telephone
    (214) 953-0185 Facsimile

    ATTORNEYS FOR PLAINTIFFS